UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                      Case No. 21-cv-1263-pp

CHERYL JEANPIERRE, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 35)**

      Plaintiff Timothy Durley is proceeding on Eighth Amendment claims against staff at Waupun Correctional Institution, where he is incarcerated. On July 26, 2022, the court entered a scheduling order directing the parties to complete discovery by December 26, 2022. Dkt. No. 24. On November 30, 2022, the court received from the plaintiff a "motion to compel discovery and response." Dkt. No. 35. On December 12, 2022, the court received the plaintiff's "motion for expedited non-dispositive," requesting a hearing on his motion to compel under Civil L.R. 7(h). Dkt. No. 39. The court issued a text-only order denying that motion because Rule 7(h) does not apply to cases brought by incarcerated persons under 42 U.S.C. §1983 and because the deadline for the defendants to respond to the plaintiff's motion to compel had not yet elapsed. Dkt. No. 42. On December 21, 2022, the defendants timely filed their response to the plaintiff's motion to compel. Dkt. No. 43. The plaintiff has filed his reply. Dkt. No. 45.

**I.     Background**

The plaintiff says that he sent his discovery requests to the defendants on July 31, 2022. Dkt. No. 36 at 1. He says that on August 30, 2022, he received a letter from the defendants explaining that they would need an extra thirty days to respond to his discovery requests.[1] Id.; Dkt. No. 37-1 at 1. The plaintiff received the defendants' discovery responses on October 20, 2022. Dkt. No. 36 at 1; Dkt. No. 37-1 at 2. He says that he then "sent a letter to confer on [his] discovery and admissions dated October 30, 2022," but that the defendants did not respond to his letter. Dkt. No. 36 at 1; Dkt. No. 37-1 at 5–7.

The plaintiff says he sent fifty requests for admissions to each defendant. Dkt. No. 36 at 2. He says the defendants "objected" to all fifty requests with the same response—that the plaintiff "has reached the interrogatory limit." Id. The plaintiff says he listed his requests for admission as "pursuant to Fed,R,Civ,P 36 . . . which is within the scope of Fed,R,Civ,P 26(b)(1)." Id. The plaintiff attached some of the defendants' responses to his requests for admission. Dkt. No. 37-1 at 8–15. The defendants' responses reproduce the plaintiff's requests, which do not request that any defendant admit anything but instead contain questions such as "Are you a Dr.?;" "Are you a Register Nurse?;" "You were working on 7-29-21?;" and "Were you aware I was on a hunger – water strike Prior to 7-29-21?" Id. To each request, the defendants responded that the

---

[1] This request was for an extra thirty days on top of the sixty the court allowed for parties to respond to discovery requests. See Dkt. No. 24 at 1, n.1 ("The court notes that it has extended the parties' time to respond to discovery requests from thirty days to sixty days.").

request for admission "is not a proper request to admit pursuant to Rule 36 of the Federal Rules of Civil Procedure." Id. The defendants further objected to responding to the requests for the reason the plaintiff noted—that he had "already reached the interrogatory limit under Rule 33 of the Federal Rules of Civil Procedure." Id.

The plaintiff also asserts that the defendants refused to produce documents responding to his second request for document production and told him that "if [the] case is not dismissed on summary judgement [*sic*], Defendants will revisit this request." Dkt. No. 36 at 2. He attached a copy of the defendants' response to his second request for document production. Dkt. No. 37-1 at 17. The defendants again reproduced the plaintiff's discovery requests, which included a request for copies of any complaints filed against the defendants for specific actions or incidents. Id. at 17–20. The plaintiff specifically requested "complaints – dispositions – misconduct filed" against defendants Robert Weinman, Cheryl Jeanpierre and Dixie Berres from January 1, 2019, through the present day concerning hunger and/or water strikes; any complaint filed against Weinman and Jeanpierre related to them "not doing x rays – cat scan's" for patients' head injuries; complaints against Berres for "NOT assessing a patient['s] medical need's due to the Patient not allowing her to assess their hunger – water strike etc.;" a "complete copy – disposition – misconduct – complaints" filed against defendant Robert Rymarkiewicz for using "excessive force . . . tight hand cuffs, chemical spray, or taser;" and any complaints filed against Weinman and Jeanpierre "due to a patient having

3

severe migrane an nose bleed due to head injuries an them doing nothing about it." Id. at 17, 19–20 (as in original). To each request, the defendants objected on the ground that the requested records "are confidential for security reasons" because they contain "personal information" that incarcerated persons could misuse. Id. The defendants noted that the records would be potentially relevant only "for credibility determinations" and agreed to revisit the request if the case were not dismissed on summary judgment. Id. The defendants also responded that, despite their objections, no records exist that respond to the plaintiff's requests to produce. Id.

The plaintiff contends that the documents he requested are nonprivileged and relevant to his claims or the defendants' defenses. Dkt. No. 36 at 2. He says past complaints of the defendants' misconduct "is relevant to punitive damages." Id. at 3. He says he does not "seek information nor documents of personal records, he does not seek record's of lateness, leaves, vacations, etc. nor personal medical record data." Id. at 4. The plaintiff also asserts that his requests for admission are "relevant to this §1983 action." Id. He says Federal Rule of Civil Procedure 37(a) "allows [him] to file a motion to compel a response or disclosure, for under this Rule, a response that is evasive (intended to avoid the question) or incomplete is treated like no response at all." Id. at 4–5.

The defendants raise three challenges in response. First, they assert that the plaintiff's motion does not include the required certification of the plaintiff's good faith attempt to confer with the defendants about the discovery responses before filing the motion. Dkt. No. 43 at 2 (citing Fed. R. Civ. P. 37(a)(1)).

4
Case 2:21-cv-01263-PP   Filed 06/11/23   Page 4 of 13   Document 55

Second, they assert that their objections to the plaintiff's requests for production of documents were not frivolous or improper. Id. at 2–3. They say the documents he requested do not exist, so they cannot produce them to the plaintiff. Id. at 3. They further contend that, even if the documents existed, the documents would relate only to credibility determinations; the defendants assert that that means that the documents would not be relevant for purposes of summary judgment, during which the court may not make credibility determinations. Id. at 3–4. Finally, with respect to the plaintiff's requests for admissions, the defendants assert that their answers were not evasive, as the plaintiff claims; they contend that they objected because the plaintiff's requests "were phrased as an interrogatory rather than as a written request to admit." Id. at 4. The defendants say that the plaintiff's requests did not satisfy Federal Rule of Civil Procedure 36(a)(1) and, because they were framed as interrogatories, surpassed his limit of twenty-five written interrogatories under Rule 33(a)(1). Id. at 5.

**II.    Analysis**

　　A.　　Certification

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, this court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or

5

discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. These rules exist because when they engage in good-faith discussions, parties often are able to reach an agreement without involving the court, which saves both the parties and the court time and resources.

The defendants assert that the plaintiff failed to include a certification of his good faith attempt to meet and confer with them about the discovery responses before filing this motion. In his motion to compel, the plaintiff says that he enclosed a "letter to confer as pursuant to Fed,R,Civ,P 37(a)(1)." Dkt. No. 35. The attached letter, dated October 30, 2022, cites Rule 37(a)(1), reiterates the plaintiff's discovery requests and demands a reply within fourteen to twenty-one days. Dkt. No. 37-1 at 6–7. The plaintiff wrote, "No reply or a non compliance reply will results [*sic*] in a motion to compel against you[.]" Id. The plaintiff filed his motion to compel when he did not receive a response to that letter. Dkt. No. 36 at 1.

The plaintiff's motion does not include a certification that he "has in good faith conferred or attempted to confer with the" defendants or that his efforts to informally resolve the dispute failed. Fed. R. Civ. P. 37(a)(1). Nor does the motion "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Civil L.R. 37. But the plaintiff's motion does note he made an attempt to confer with the

defendants first, and he attached the October 30, 2022 letter showing his effort—albeit, not a very cooperative one—to do so. The plaintiff may not have used the exact language that Rule 37 requires, and it does not appear he attempted to schedule a telephone conference to meet and discuss the discovery requests. But the plaintiff is incarcerated and is representing himself, so the court permits him leniency in his filings that it might not offer a party represented by counsel.

The court finds that the plaintiff sufficiently conferred or attempted to confer with the defendants about his discovery requests before filing his motion to compel. He made clear in his October 30, 2022 letter that he was dissatisfied with the defendants' responses to his requests, but they did not respond to him or provide further explanation. The court will not deny his motion for failure to include the certification under Rule 37(a)(1) or Civil L.R. 37.

B. Plaintiff's Second Request for Document Production

The defendants objected to the plaintiff's second set of requests for document production and responded that the documents he sought were "confidential for security reasons," namely that disclosing the requested information could allow the plaintiff or other incarcerated persons to misuse that information. Dkt. No. 44-1 at 118–121. The plaintiff takes issue with the objection and asserts that he is not seeking leave or vacation records or personal or medical information in the defendants' records. In their response to the plaintiff's motion to compel, the defendants do not elaborate on their security concern and merely reiterate the concern and citing their response to

the plaintiff's requests. Dkt. No. 43 at 2. The court has no reason to believe the defendants could not produce a redacted (edited) version of the complaints to remove any personal information that they believe the plaintiff potentially could misuse. The court finds that the defendants have not sufficiently explained the basis for their objection to producing previous complaints on confidentiality grounds, and it is their burden to do so. See Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 258 (E.D. Wis. 2013) ("The party objecting to a discovery request bears the burden of showing why the request is improper.").

But even if the documents the plaintiff requested do not present security concerns, his request for *all* complaints against the defendants related to similar incidents is beyond the broad scope of discovery for his claims. Whether other incarcerated persons filed complaints against the defendants for similar incidents at some point during their employment at Waupun is not relevant to whether they violated the *plaintiff's* rights in July or August 2021. As the defendants note, those other incidents *may* be relevant for impeachment or credibility purposes if this case reaches trial. But this case is not yet at the trial stage, and there is no guarantee it will reach that stage. The likely next step in this case is summary judgment, during which the plaintiff will be required to present evidence supporting his allegations against the defendants in his complaint. The court will decide any motion for summary judgment without a jury's involvement, and courts deciding summary judgment motions "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003)

(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Whether other incarcerated persons previously complained about the defendants, even for similar incidents, will not be relevant to the court's summary judgment decision and may not be relevant at all.

The defendants also respond that the documents the plaintiff requested do not exist, though they say they may later revisit his request to produce them. The plaintiff takes issue with this response, which he says creates "uttered [*sic*] confusion and a contradiction upon the defendants, what would be the point in revisiting [his requests], if they truely [*sic*] don[']t exist." Dkt. No. 45 at 2. The court understands the plaintiff's confusion about the defendants' seemingly contradictory objections in their responses. But nothing in the Federal Rules prohibits a party from providing alternative objections to a discovery request. Perhaps the defendants meant to say first that the documents do not exist and second that, even if they did, they would be confidential and irrelevant. But there is nothing inherently improper about their response.

The court finds that the defendants have satisfied their burden to show why the plaintiff's requests for documents are improper. The defendants have asserted to the court that the complaints the plaintiff requests do not exist, so the court cannot order the defendants to produce them. Alternatively, the complaints are not relevant to the litigation at this stage. The court will deny the plaintiff's request to order the defendants to produce the documents he requested. If the court later learns that these records *do* exist, the defendants

may face consequences for stating otherwise in their responses to the plaintiff's discovery requests.

C. Plaintiff's First Request for Admissions

Federal Rule of Civil Procedure 33 provides a limit of twenty-five written interrogatories per party including "all discrete subparts." Fed. R. Civ. P. 33(a)(1). A party may seek leave to serve additional interrogatories consistent with Rule 26. Id. Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A)–(B).

The defendants object to the plaintiff's first requests for admissions on the ground that they are not requests for admission, but interrogatories disguised as requests for admission; they assert that the plaintiff already had served his maximum allotted twenty-five interrogatories when he served these requests. The plaintiff claims that the defendants had plenty of time to respond to his requests to admit, and he says his "questions are straight forward questions to admit, which is a simple yes or no." Dkt. No. 45 at 4.

The plaintiff is incorrect. A request to admit has a particular form. It is a statement which the requesting party asks the opposing party to either admit the truth of the statement, deny the truth of the statement or indicate that the opposing party doesn't have enough knowledge to admit or deny the statement. For example, the plaintiff's first "request to admit" was: "Are you 'HSU' health

services manager?" Dkt. No. 44-1 at 1, question 1. That is an interrogatory—a question. The plaintiff could have made it a request for admission by phrasing it this way: "You are the Health Services Manager." The defendants then would either have responded, "Admit," or "Deny," or "Insufficient information to respond." But the plaintiff phrased it as a question—an interrogatory—and there is a limit on how many such interrogatories a party may ask.

Many of the questions are not "simple yes or no" questions as the plaintiff asserts. For example, request 3 asks, "Who are the people that is aware when a patient goes on a hunger – water strike at Waupun Correction institution?" Dkt. No. 44-1 at 2. The defendants could not answer that question "yes" or "no"—the question asks for the identity of certain individuals. Request 9 asks, "who will inform you – or how will you find out if a patient don't write you making you aware of the hunger – water strike?" Id. at 6. That question is not capable of being answered yes or no, and it is made up of *two* questions—a "who" question and an alternative "how" question. Request 15 asks, "Who are the top officals that work at Waupun corrections instution, that would be notified if a patient – inmate go on hunger – water strike?" Dkt. No. 44-1 at 8. Again, that question cannot be answered with a "yes" or "no." And none of these questions are requests to admit the truth of a statement. They are requests to provide additional information, which is the purpose of an interrogatory.

The court also notes that several of the plaintiff's "requests to admit" ask questions identical to the interrogatories he sent to the defendants, and the

defendants responded to those interrogatories. Compare "Defendant's Response to Plaintiff's First Set of Interrogatories to Defendant Robert Weinman," Dkt. No. 44-1 at 73, ¶3 ("Are you a Dr.?"), at 74, ¶9 ("Did I make you aware I was going on hunger strike on July 13, 2021?"), at 75, ¶10 ("Did I make you aware on July 26, 2021 I was going on water strike along with my hunger strike that I was on?"); with "Defendants' Response to Plaintiff's First Requests for Admission to Defendant Robert Weinman," Dkt. No. 44-1 at 3, ¶2 ("Are you a Dr.?"), at 5, ¶5 ("Did I make you aware on 7-13-21 im going on hunger strike?"), at 5, ¶6 ("Did I make you aware on 7-26-21 im going on hunger strike with a water strike?"). The plaintiff did not need to ask these same questions twice in different discovery requests, and the defendants are not obligated to provide a second response to the same questions they previously answered.

Whether the plaintiff intended to circumvent the limitations of Rule 33 by submitting interrogatories but calling them requests to admit, the fact remains that the requests are interrogatories. The plaintiff already had served the maximum allowed twenty-five interrogatories, and he did not ask the court for permission to serve additional interrogatories. The defendants were not required to respond to his improper requests, many of which ask the same questions he previously asked through his interrogatories and to which the defendants already responded. The court will deny the plaintiff's request to compel the defendants to respond to his improper requests to admit.

### III. Conclusion

The court finds that the plaintiff sufficiently attempted to informally resolve this discovery dispute before filing his motion to compel. But his requests for production of documents were overly broad and sought irrelevant information that the defendants assert does not exist. The court also finds that the discovery demands that the plaintiff titled "requests to admit" were actually interrogatories and because the plaintiff already had used his twenty-five allowed interrogatories and had not requested permission to serve additional interrogatories, the defendants were not required to respond to his improper requests to admit.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**