UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                          Case No. 21-cv-1263-pp

CHERYL JEANPIERRE, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO WITHDRAW AND AMEND ADMISSIONS (DKT. NO. 57), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY (DKT. NO. 58) AND DENYING PLAINTIFF'S MOTION TO STAY DEADLINE FOR DISPOSITIVE MOTIONS (DKT. NO. 59)**

On June 11, 2023, the court denied the plaintiff's motion to compel the defendants to produce evidence that he sought through requests for production of documents and requests for admissions. Dkt. No. 55. The court explained that the information the plaintiff sought in his requests to produce documents "[was] overly broad and sought irrelevant information that the defendants assert does not exist." Id. at 13. The court also found that the plaintiff's requests to admit "were actually interrogatories and . . . the plaintiff already had used his twenty-five allowed interrogatories and had not requested permission to serve additional interrogatories." Id. The defendants were not required to respond those improper requests. Id. The court also noted that much of the information the plaintiff sought in his improper requests was information he already had requested in his interrogatories, to which the

defendants *had* responded. Id. at 11–12. The court issued a separate order imposing an August 14, 2023 deadline for the parties to file dispositive motions. Dkt. No. 56.

Only five days later, the court received the plaintiff's "motion to withdrawn [*sic*] – amend his admissions to the Defendants in this case," dkt. no. 57, and a motion for an extension of time to conduct additional discovery, dkt. no. 58. The plaintiff says that because the court denied his "motion to compel in this case for the Defendants to answer his admissions," dkt. no. 57 at 1, he should be allowed to withdraw and amend "his admissions . . . in which the Plaintiff is relying upon his admissions when its [*sic*] time to file for dispositive motions." Id. at 1–2. He asks for forty-five days "to conduct this additional discovery." Dkt. No. 58. Three days later, on June 22, 2023, the court received from the plaintiff a motion asking the court to stay the parties' deadline for dispositive motions until the court resolves his other two motions and, if the court grants his motions, to allow the parties to conduct that additional discovery. Dkt. No. 59.

The plaintiff cites Federal Rule of Civil Procedure 36(b) in support of his motion. Dkt. No. 57 at 1. That rule governs requests for admissions and provides, in part, that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b) is subtitled "Effect of an Admission; Withdrawing or Amending It." Id. In other words, it provides

guidance for withdrawing or amending an admission made in response to a request to admit; it does not govern the requests for admissions themselves.

The title of the plaintiff's motion is incorrect and misleading. He is not asking the court to allow him to withdraw and amend *admissions* that he made in response to the defendants' requests to admit. He seeks to withdraw and amend his *requests for admissions*—some of his discovery demands—that he sent to the defendants. Those requests for admissions were the subject of his motion to compel, which the court denied. As the court explained above, the court denied that motion because the requests were interrogatories disguised as requests to admit and the plaintiff already had exceeded his twenty-five-interrogatory limit, and because the defendants already had provided the plaintiff the requested information in their responses to his interrogatories. In this most recent motion, the plaintiff is asking the court to reopen discovery, to stay the dispositive motion deadline and to allow him to ask the defendants *for a third time* to provide him information that he already has.

The court will deny the plaintiff's motions. The discovery deadline passed on December 26, 2022. The court will not allow the plaintiff to abuse the discovery process and serve "amended" requests for admissions on the defendants, who already have responded to his voluminous discovery requests. The plaintiff had ample time to conduct discovery, and the court will not give him more time to correct the mistakes he believes he made in preparing and serving his discovery requests on the defendants more than seven months ago. The court will not allow the plaintiff to further delay this case with additional

3

motions seeking more time for discovery that the plaintiff already has or does not need to proceed in this litigation.

Because the court is denying the plaintiff's motion to withdraw and amend his requests to admit, it will deny his motion for additional time to conduct discovery. Dkt. No. 58. The court also will deny as moot the plaintiff's request to stay the dispositive motion deadline pending a decision on his other motions. Dkt. No. 59. The parties' deadline to file dispositive motions remains August 14, 2023. The court advises the plaintiff that it will deny without additional comment any further motion that he files asking to reopen discovery or extend his deadlines unless he provides exceptional circumstances warranting that relief.

The court **CONSTRUES** the plaintiff's motion to withdraw and amend his admissions as a motion to withdraw and amend his requests for admissions and **DENIES** that motion. Dkt. No. 57.

The court **DENIES** the plaintiff's motion for an extension of time to conduct additional discovery. Dkt. No. 58.

The court **DENIES AS MOOT** the plaintiff's motion to stay the dispositive motion deadline. Dkt. No. 59. The parties may file dispositive motions on the merits of the plaintiff's claims by the end of the day on **August 14, 2023**.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**